IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:

Valentino Sarli           )         CASE NO. 09-38776
Debtor                    )         Judge: Pamela S. Hollis
                          )
                          )         Chapter seven (7)
                          )

James L Harris and Lyubov N. Harris    )
    Plaintiffs                         )
                                       )         Adversary Proceeding # 10-00160
    VS                                 )
Valentino Sarli                        )

## ANSWER OF VALENTINO SARLI TO JAMES AND LYUBOV HARRIS' OPPOSITION TO DISCHARGE OF DEBT INCURRED THROUGH LARCENY UNDER CHAPTER # 523 OF THE UNITED STATES BANKRUPTCY CODE

1. On or about October 16, 2009, Valentino Sarli (hereinafter "Sarli") filed for Chapter 7 Bankruptcy protection.

**Answer: Admit**

2. We first heard of the filing on December 7, 2009, when his former attorney, Paul Goodman handed me (James Harris) a copy of the one-page notice of Bankruptcy case filing in open court in Room 2405 of the Richard J. Daley Building, Chicago, Illinois, James Harris and Lyubov Harris (hereinafter "Harris") actually received a one-page notice of bankruptcy case filing with a cover page from Sarli by mail on January 7, 2010. (See paragraph 1 of attached exhibit A and see entire Exhibit B).

**Answer: Admit notice also given in open court after first mailing. Additional notice given again after meeting with trustee on 12-30-2009. Deny the remaining facts alleged in #2**

3. We have received no other notices (other than the one-page notice of bankruptcy case filing and the short cover letter discussed in paragraph 2 supra) and no other document of any kind from the bankruptcy court and/or bankruptcy trustee and/or from Sarli and or from any other person.

**Answer: Other than that notice was given, Sarli has no knowledge of what notices the Harrises may or may not have received, therefore, Sarli can neither admit nor deny the facts alleged in #3.**

4. On February 15, 2002, James Harris discovered Valentino Sarli and his brother-in-law, Stanley Pavilonis in the act of the theft of personal property belonging to James and Lyubov Harris. Sarli and Pavilonis avoided arrest on the scene through the use of lies and false claim that he, Sarli and another man (Jack Zausa) actually owned the property, Sarli was in the process of stealing. It was shown on the next business day, that James and Lyubov Harris owned the property, but not in time to prevent the theft. The true facts related to ownership of the property are now well established through documents and depositions.

**Answer: Deny**

5. Harris sued Sarli for conversion (theft) of personal property in 02-Ch-9652 filed in Cook County, Illinois (see pages 17-22 of attached exhibit C) Count 2 – conversion against Valentino Sarli and Stanley Pavilonis describes the details of our claim.

**Answer: Admit that the Harrises filed suit in Cook County but deny the material allegations of conversion alleged therein.**

6. The amount sought in the conversion claim is $116,618 plus costs and attorney fees and punitive damages, sought as a result of Sarli's deceitful, willful and malicious actions, which caused further harm to Harris during the actual theft and in the interim time since the litigation was filed. The relief sought is "jointly and severally" against all parties. (see page 22) Prayer for relief (wherefore) paragraph of attached exhibit C.

**Answer: Complaint speaks for itself. To the extent a further answer is required, Sarli denies the facts alleged in #6.**

7. As a result of a fraud scheme, in which Sarli played a significant role and the theft described in paragraphs 4 – 6 supra; Lyubov Harris suffered a miscarriage and the Harris' were made homeless. Furthermore, Harris' were persistently harassed, threatened and caused to suffer severe emotional distress by Sarli and others named in the Cook County litigation 02-CH9652.

**Answer: Sarli denies the premise, conclusion and all facts alleged in #7.**

8. Harris' complaint against Sarli was stayed by the Cook County court on December 7, 2009 as related to Sarli, but will be scheduled to go to trial against Sarli's accomplice and Sarli pending the outcome of this adversary proceeding.

**Answer: Sarli admits the Cook County action was stayed as to him but denies the remaining facts alleged in #8.**

9. Chapter 523(a)(2)(A) of the United States Bankruptcy Code does not allow the discharge of any debt incurred as a result of: "...Property...to the extent obtained by- (A) false pretenses, a false representation, or actual fraud..".

**Answer: Admit that the section cited provides for an exception to a discharge but deny that #9 is an accurate and complete quote of statute section.**

10. Chapter 523(a)(4) of the United States Bankruptcy Code does not allow the discharge of any debt incurred as a result of "...larceny."

**Answer: Admit that the section cited provides for an exception to a discharge but deny that #9 is an accurate and complete quote of statute section.**

11. Chapter 523 (a)(6) of the United States Bankruptcy cod does not allow the discharge of any debt incurred as a result of : "willful and malicious injury by the debtor to another entity or to the property of another entity."

**Answer: Admit that the section cited provides for an exception to a discharge but deny that #9 is an accurate and complete quote of statute section.**

12. Chapter 523 (a)(19) (iii) (A) of the United States Bankruptcy code does not allow the discharge of any debt incurred as a result of : "any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor."

**Answer: Admit that the section cited provides for an exception to a discharge but deny that #9 is an accurate and complete quote of statute section.**

13. Sarli's debt to Harris is not dischargeable, because it falls under Chapter 523 (a) (4) of the United States Bankruptcy code and because it was incurred as a result of larceny, (see pages 18-20 of attached exhibit C)

**Answer: Deny.**

14. Sarli's debt to Harris is not dischargeable, because it was not listed as a debt by Sarli and as a result Harris has not received notices and/or exhibits related to Sarli's filing.

**Answer: Deny.**

15. Sarli's debt to Harris is not dischargeable, because it falls under chapter 523 (a)(2)(A) of the United States Bankruptcy code and because it was incurred as a result of:

   a. An actual theft of property, by Sarli, belonging to the Harris' (see pages 18-20, paragraphs 5 (a-e) of attached exhibit C)

   b. Sarli used false pretenses to gain control and possession of said property (see pages 18-20, paragraph 5 of attached exhibit C)

   c. Sarli committed perjury in his testimony related to the ongoing litigation

   d. Sarli's act of theft was committed in furtherance of a fraud scheme,

   e. Sarli avoided prosecution for theft by makng false representation to the Berkeley, IL Police department (see pages 18-20, paragraph 5 of attached exhibit C

   f. Sarli used his position as "building manager" to 1. Gain access to the property, 2. Keep Harris from securing the property, 3. Mislead the Berkeley Police in their investigation (see pages 18-20, paragraph 5 of attached exhibit C)

**Answer: Deny #15 and all subparts.**

16. Sarli's debt to Harris is not dischargeable, because it falls under chapter 523 (a) (6) of the United States Bankruptcy code and because it was incurred as a result of willful and malicious injury by Sarli to Harris in the form of 1. Harassment, 2. Death threats, 3. Nuisance phone calls 4. Creating mailing items intended to harm Harris and wife.

**Answer: Deny.**

17. Sarli's debt to Harris is not dischargeable, because it falls under chapter 523 (a) (19) (iii) (A) of the United States Bankruptcy code and because it was incurred as a result of a court order for damages, penalty, restitution, attorney fees, cost and other payment owed by the debtor to Harris for sanctions in the ongoing litigation. (see page 22 paragraphs 8-11 of attached exhibit C)

**Answer: Deny.**

18. It is manifestly unjust to allow Sarli to escape his responsibilities after he was, 1. Caught red-handed in the act of theft, 2. Avoided judgment by the use of every conceivable deceit and perjury, 3. Compounded his crimes by harassing his victims, 4. Participated in furthering and concealing the fraud and theft by employing the malicious and willful intimidation conduct described in count 1-fraud of the counterclaim.

**Answer: Deny.**

19. In the Cook County matter Sarli compounded his crimes and the cost incurred by his victims by the use of every conceivable device including, but not limited to

   a. An initial claim that James Harris had no right to be on the premises where the theft occurred and that James Harris should be arrested and which claim has now been shown to be absolutely false

   b. Participating in and at times leading an effort to intimidate and harass Harris and

other persons named as witnesses by Harris in the Cook Count Litigation 02-CH9652

   c. A false claim that he was actually entitled to take possession of Harris' property due to the Illinois Storage Lien Act and which claim he has now disavowed

   d. An absolute refusal to cooperate with discovery and court orders, which caused considerable additional costs to Harris

   e. A series of perjuries and false statements, which caused Harris to incur the costs of depositions and subpoenas in order to make the true facts known.

**Answer: Deny #19 and all subparts.**

20. Sarli has admitted a portion of the malicious and willful intimidation conduct described in paragraph 16 supra. Sarli admitted in his deposition and interrogatory answers that he
1. Made at least one harassing telephone call to the creditors and victims of the theft,
2. Prepared and mailed a bogus news letter he entitled the Berkeley News for the purpose of harassing Harris, the creditors in this action and the victims of Sarli's theft.

**Answer: Deny**

21. In the Cook County litigation, Sarli 1. Has been deposed, 2. Discovery is completed 3. The court has ruled in Harris' favor on numerous motions for summary judgment, 4. Sarli is in default due to his failure to file a supplemental appearance. Now with the Bankruptcy filing, Sarli is continuing his all-out 8 year effort to avoid his responsibilities to his victims. The filing of this Bankruptcy is nothing more than Sarli's last ditch effort to avoid paying for his crimes.

**Answer: Admit that in the Cook County lawsuit, Sarli was deposed and discovery was completed. Sarli denies the remaining facts alleged in #21.**

22. Additionally, the bankruptcy court may deny Sarli a discharge, because in this matter Sarli
   a. Failed to keep or produce adequate books or financial records
   b. Failed to explain satisfactorily any loss of assets
   c. Committed perjury
   d. Failed to list Harris as a creditor

**Answer: Deny #22 and all subparts.**

23. Furthermore, Harris believes that Sarli fraudulently, transferred concealed or destroyed property that would have become property of the estate.

**Answer: Sarli has no information concerning Harris's belief and can therefore neither admit nor deny same. Sarli denies the remaining facts alleged in #23.**